# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PERCILLA JOHNSON** ) | |
| 130 Wisteria Drive ) | |
| Suite  No. 174 ) | |
| Germantown, Maryland 20874 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| ) | |
| **ALEX M. AZAR, III** ) | **JURY TRIAL DEMAND** |
| Secretary of The Department of Health and ) | |
| Human Services ) | |
| 330 C Street, SW ) | |
| Washington, DC 20416 ) | |
| ) | |
| and ) | |
| ) | |
| **HERIBERTO NEGRON-RIVERA** ) | |
| 13105 Kara Lane ) | |
| Silver Spring, Maryland 20904-0000 ) | |
| ) | |
| Serve:  U.S. Attorney General ) | |
| 930 Pennsylvania Avenue, N.W. ) | |
| Washington, DC 20530 ) | |
| ) | |
| Serve:  Civil Process Clerk ) | |
| United States Attorney's Office ) | |
| 555 Fourth Street, N.W. ) | |
| Washington, DC 20001 ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## COMPLAINT AND JURY TRIAL DEMAND
### (Title VII Civil Rights Violations, Hostile Work Environment, Sexual Harassment Intentional Infliction of Emotional Distress)

NOW COMES Plaintiff Percilla Johnson, by and through undersigned counsel, and files

this Complaint against Defendants Alex M. Azar III, Secretary of United States Department of

Health and Human Services and Heriberto Negron-Rivera alleging upon information and belief

as follows:

## NATURE OF THIS ACTION

1.        This is an action brought under Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000(e) *et seq.* ("Title VII"), against Defendants  Alex M. Azar III, Secretary of United

States Department of Health and Human Services and Heriberto Negron-Rivera alleging

discriminatory treatment based on sex with the Plaintiff.

2.        Plaintiff is employed with the United States Department of Health and Human

Services, Food and Drug Administration as a Program Specialist.  Plaintiff has been the victim of

and subjected to a highly-charged, unwelcome, sexually-hostile and offensive working

environment.  Plaintiff's work environment at the United States Department of Health and

Human Services was one in which Defendant Heriberto Negron-Rivera used abusive language,

made unwelcome sexual advances, and sexually harassed her as well as other women employees.

Defendant Alex M. Azar, III Secretary of the United States Department of Health and Human

Services agents and/or supervisors knew about Defendant Heriberto Negron-Rivera's proclivities

as a sexual predator, was informed of his actions towards Plaintiff and other women, and failed

to take appropriate remedial actions against  Defendant Heriberto Negron-Rivera.

## JURISDICTION

3.        This action for sex discrimination in employment  arises under Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*.  Jurisdiction further exists in this case under

28 U.S.C. § 1331, as Plaintiff's civil action arises under the Constitution, laws or treaties of the

2

United States.  This Court has supplemental jurisdiction over Plaintiff's related state law claims

pursuant to 28 U.S.C.  § 1367(a).

## VENUE

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, because all facts and

circumstances involved in this case occurred at the United States Department of Health and

Human Services, a federal government entity  with its principal  place of business in Washington,

DC.

## THE PARTIES

5.       Plaintiff Percilla Johnson, a 48 year-old  black female, who resides in the State of

Maryland  is employed by Defendant United States Department of Health and Human Services at

the Food and Drug Administration during the events alleged herein.

6.      Upon information and belief, Defendant Alex M. Azar III, Secretary of

Health and Human Services, (hereinafter referred to as the "Defendant HHS") is, and at all times

relevant herein was  the employer of Plaintiff Percilla Johnson.  Upon information and belief,

Defendant HHS is a public entity arising under the laws of the United States.  Defendant HHS's

principle offices are located at 330 C Street, SW, Washington, DC 20416.  Defendant HHS is the

superior governmental entity in which the Food and Drug Administration is a subordinate

agency.

7.      Upon information and belief, and at all times relevant herein, Defendant HHS was

a federal government agency operating under the laws of the United States of America  employed

Defendant Heriberto Negron-Rivera who sexually harassed and discriminated against Plaintiff.

At all times relevant herein Defendant HHS was the employer of Defendant Heriberto Negron-

Rivera who committed intentional reckless, negligent, harassing and other acts and/or omission

against the Plaintiff within the course and scope of his employment.  Therefore Defendant is

liable for the acts and/or omissions of its employees pursuant to <u>respondeat superior</u>

8.      Upon information and belief, and at all relevant times herein, Defendant Heriberto

Negron-Rivera, a co-worker of the Plaintiff has been employed by Defendant HHS in its Food

and Drug Administration as a Consumer Safety Officer.

9.      At all times relevant herein to the claims for relief presented herein, the

Defendants were  acting under color of their authority either as a public entity or an employee of

the public entity.

<u>**STATEMENT OF FACTS**</u>

10.      From 2010 to the presence,  Plaintiff has been employed with  Defendant HHS in

its Office of Regulatory Affairs as a  Program Specialist.  Her primary duties consisted of

handling traveling arrangement,, planing and trip coordination.

11.      Defendant  Heriberto Negron-Rivera began to sexually harass Plaintiff

initially on October 13, 2016 when he asked her to lunch to discuss federal government related

business.  On that occasion, while in the car with Defendant  Heriberto Negron-Rivera discussing

government business, he without Plaintiff's permission grabbed her by the hair,  forcefully kissed

her sticking his tongue down her throat and grabbed her breast telling her she had nice breast.

Defendant Heriberto Negron-Rivera while engaged in the above described sexual assault

repeatedly asked the Plaintiff to go to a hotel all the while informing Plaintiff that he was good at

oral sex.  Defendant  Heriberto Negron-Rivera  while driving the Plaintiff back to work

propositioned her while asking her  what were her sexual fantasies?  Plaintiff rebuffed

4

Defendant Heriberto Negron-Rivera informing him that she was not interested in a sexual relationship and that his comments were inappropriate, unwelcome and that she found his behavior to be harassing and troubling in nature.

12.     Plaintiff upon arriving back at work informed her co-worker Dyrene Braswell of the sexual assault and sexual harassment.  Ms. Braswell encouraged the Plaintiff to report the incident to her supervisor, Kimberly Mbodj.  Plaintiff responded to Ms. Mbodj's office to report the incident only to find she was not at work.  Plaintiff's other supervisor Yvette Arline was traveling out of the country.  On Friday October 14, 2017 Plaintiff again tried to contact Ms. Mbodj with negative results.  On Monday October 17, 2017 Plaintiff spoke to her supervisor, Ms. Mbodj and advised her of the aforesaid incident with  Defendant Heriberto Negron-Rivera. Ms. Mbodj  advised Plaintiff not to go back to lunch with Defendant Heriberto Negron-Rivera and she further discouraged the Plaintiff from filing a complaint stating it was  Defendant Heriberto Negron-Rivera's word against the Plaintiff's word.  Unfortunately, Defendant Heriberto Negron-Rivera's harassment of Plaintiff did not end.

13.     Ms. Mbodj  was a relatively new supervisor,  who had not been  provided any training in the area of sexual harassment,  failed to report this first incident to her supervisors and/or take appropriate actions.  Defendant HHS had provided no training to Ms. Mbodj on procedures for handling sexual harassment complaints from employees she supervised.

14.     On October 19, 2016  Plaintiff reluctantly went to the office of Defendant Heriberto Negron-Rivera  to retrieve  some work related calendars.  Upon entering Defendant Heriberto Negron-Rivera's office he grabbed the Plaintiff,  bear hugged her and forcefully kissed her putting his tongue down her throat while fondling her breast.  He again propositioned her for

dates and sex.  Once  Defendant Heriberto Negron-Rivera  released the Plaintiff she ran from his office and again informed Ms. Mbodj of the sexual encounter with  Defendant Heriberto Negron-Rivera.

15.     Ms. Mbodj  informed the Plaintiff that she should send  Defendant Heriberto Negron-Rivera  an email telling him to stop sexually harassing  her.  Ms. Mbodj  took no further actions.

16.     On October 26, 2016 Plaintiff was in a meeting with a co-worker Aver Bennett-Lamb who informed her that  Defendant Heriberto Negron-Rivera  continually stared at her. Later that afternoon, Plaintiff was in Ms. Bennett-Lamb's office when she encountered Defendant Heriberto Negron-Rivera  and he made her feel uncomfortable continuing to look  at her as though he was undressing her.

17.      Plaintiff contacted another supervisor Yvette Arline by text message and informed her of the sexual assaults and harassment.   Ms. Arline informed the Plaintiff she was going to send her a pamphlet on procedures for reporting sexual harassment.  However, Ms. Arline failed to follow through with the pamphlet and/or take appropriate actions against Defendant Heriberto Negron-Rivera.

18.     At all relevant times herein, Plaintiff made timely reports of Defendant Heriberto Negron-Rivera's sexual harassment to her supervisors and said supervisors failed to take immediate and appropriate actions.   As a result of the inactions of her supervisors, Plaintiff was forced to resort to the  Montgomery County Court in Montgomery County, Maryland to obtain a Peace Order against Defendant Heriberto Negron-Rivera.   Upon information and belief Defendant Heriberto Negron-Rivera after having been served with the Peace Order informed his

6

supervisor,  Ms. Arline,  who then took action to separate the Plaintiff and  Defendant Heriberto

Negron-Rivera.

19.     Defendant Heriberto Negron-Rivera was summoned to court and  during the

Peace Order Hearing admitted to  kissing the Plaintiff and stated it was a part of his Puerto Rican

culture.

20.     Prior to Plaintiff's complaint, Defendant HHS was on notice of  Defendant

Heriberto Negron-Rivera's  sexual harassment of other female employees and failed to take

appropriate action to protect the Plaintiff and/or female employees from this sexual predator

creating a hostile environment.

21.     An HHS investigation determined that in 2013 Defendant Heriberto

Negron-Rivera  sexually harassed another HHS employee Jane Doe #1.   In 2013,  in an email,

Defendant Heriberto Negron-Rivera  informed Jane Doe #1 '[w]ow you  are more beautiful than

what the little birds told me.  Of course I will meet you and take you out to lunch when you come

to these whereabouts.  If you go to PZR please eat everything for me but watch your figure since

there are only a few left like you'.  In another email,  Defendant Heriberto Negron-Rivera asked

Jane Doe #1 '[h]ow is it going?  Do you still love me like I love you...stop avoiding the matter

and tell me how much you love me...yes I am only affectionate with you because the others left

me for hitting on you, can you believe it?'   On July 9, 2013 Defendant Heriberto Negron-Rivera

sent Jane Doe #1 an  email stating in part 'I really do like you because you are like me,

feisty/courageous, and you don't let yourself be fucked with by a bunch of corn cob air heads'.

22.     While the investigation determined that Defendant Heriberto Negron-Rivera

 sexually harassed  Jane Doe #1, HHS failed to take appropriate actions against Defendant

Heriberto Negron-Rivera and his sexual harassment continued creating a hostile environment..

23.     In May 2016   Defendant Heriberto Negron-Rivera repeatedly made
sexual advances towards another HHS employee,  Jane Doe #2.  According to Jane Doe #2,
Defendant Heriberto Negron-Rivera asked her about her wine preference; asked her out to
dinner; asked her about her boyfriend and when she stated she had a boyfriend, Defendant
Heriberto Negron-Rivera told her they both could share her.

24.     Yet, despite this knowledge and  investigations  confirming  Defendant Heriberto
Negron-Rivera's sexual harassment of the Plaintiff and both  Jane Does 1 & 2, HHS took no
corrective, educational or disciplinary action to either discipline or correct  Defendant Heriberto
Negron-Rivera's actions.  Upon information and belief according to Defendant Heriberto
Negron-Rivera he was not on notice and/or disciplined as a result of sexual harassment
complaints lodged against him by  any HHS employees.

25.     Upon information and belief Plaintiff never received any EEO and/or sexual
harassment training during her employment with Defendant HHS.

26.     Upon information and belief  Defendant HHS never offered any EEO and/or
sexual harassment training to its employees at all times relevant herein to the  Plaintiff's tenure
working for HHS.

27.     Upon information and belief,  Defendant HHS never offered or  provided any
EEO and/or sexual harassment training to any Food and  Drug Administration employees at any
times relevant herein to this Complaint.

28.     Upon information and belief Plaintiff has never been provided or otherwise seen
an EEO policy from Defendant HHS at all times relevant herein to this complaint.

29.     Upon information and belief Plaintiff has never been provided or otherwise seen procedures by which she could  file a discrimination complaint internally with Defendant HHS at all times relevant herein to this complaint.

30.     Upon information and belief  Plaintiff has never received instructions regarding the existence or substance of an EEO and/or sexual harassment policy or discrimination complaint procedures from Defendant HHS at all times relevant herein to this complaint.

31.      Based on the HHS's own documents, it appears that Defendant HHS has no established EEO training program for its own employees at any and all  times relevant herein to this Complaint and the events surrounding the Plaintiff.

32.     As a direct result of the Defendants' combined outrageous conduct, Plaintiff  suffered severe injuries as described above and has required numerous forms of medical treatment.

33.     At all relevant times herein, Defendant  Heriberto Negron-Rivera  was  employed by Defendant HHS and his actions were within the course and scope of his employment to include taking the Plaintiff to lunch to discuss government business.

34.     Plaintiff duly exhausted her administrative remedies by filing a complaint of discrimination regarding all events herein with the Equal Employment Opportunity Commission. Plaintiff after 180 day and an investigation initially elected to have her case heard by an Administrative Law Judge has now opted as a matter of right to move her case to the Federal District Court.

## COUNT I
### (Sexual Harassment Under Title VII: All Defendants)

35.     Plaintiff incorporates all previous paragraphs and further alleges that she was an employee of Defendant HHS.  Plaintiff further allege that this claim arises under Title VII of the Civil Rights Act of 1964, § 701 et seq. and 42 U.S.C.A. § 2000e et seq.

36.     Plaintiff further alleges the Defendant HHS employee, Defendant  Heriberto Negron-Rivera,  subjected her to sexually harassing behavior, including but not excluding, touching Plaintiff's body in an inappropriate unwelcome sexual manner and  making explicit comments concerning Plaintiff's appearance.

37.     Plaintiff further alleges that all of the harassing actions taken by Defendant HHS's Employee Defendant Heriberto Negron-Rivera was unwanted, unprovoked and unwelcome.

38.     Plaintiff further alleges that Plaintiff as a woman, belonged to a protected group under Title VII, she was the subject of unwelcome sexual harassment; the harassment complained of was based on her sex; and that the harassment was sufficiently severe to unreasonable interfere with her work performance or create an intimidating hostile, or offensive work environment.

39.     Plaintiff further alleges that Defendant HHS knew or should have known about Defendant Heriberto Negron-Rivera  sexually harassing HHS female employees and should have taken reasonable steps to correct the situations, but willfully failed to do so.

40.     As a direct and proximate result of Defendants' acts and/or omissions, the Plaintiff has sustained numerous physical injuries, some of which are permanent in nature, including, but not limited to, severe emotional distress, depression, humiliation, embarrassment,

and other related physical injuries.

41.     As a further direct and proximate result of Defendants' actions and/or omissions, the Plaintiff has incurred and will continue to incur substantial expenses for medical care and attention, has suffered and will continue to suffer much physical pain and mental anguish.

## COUNT II
### (Hostile Work Environment Under Title VII: All Defendants)

42.     Plaintiff incorporates all previous paragraphs and further alleges that Defendant Heriberto Negron-Rivera discriminated against Plaintiff based on *inter alia*, her sex ad personal appearance, all of which are protected classes under Title VII of the Civil Rights Act of 1964, § 701 et seq., and 42 U.S.C.A. § 2000e et seq.

43.     Plaintiff further alleges that she was subject to unwelcome harassment in the form of, *inter alia*, Defendant verbal abuse, unwanted suggestive touching, explicit sexual comments, and treatment.

44.     Plaintiff further alleges that Defendant  Heriberto Negron-Rivera harassment was so severe and widespread with Plaintiff and other female employees that it effectively created an immense emotional burden on Plaintiff and other female employees as a condition of their  continued employment by Defendant HHS.

45.     Plaintiff further alleges that Plaintiff as a woman, belonged to a protected group under Title VII; she and other females were the subject of unwelcome sexual  harassment; the harassment complained of was based on their sex; and that the harassment was sufficiently severe to  unreasonable interfere with her work performance or created an intimidating, hostile or offensive work environment.

11

46.     Plaintiff further alleges that Defendant HHS knew or should have known from the many complaints against Defendant Heriberto Negron-Rivera  of sexually harassing HHS employees and should have taken reasonable steps to correct the situations, but willfully failed to do so.

47.     As a direct and proximate result of Defendants'  acts and/or omissions, the Plaintiff has sustained numerous physical injuries, some of which are permanent in nature, including, but not limited to, severe emotional distress, depression, humiliation, embarrassment, and other related physical injuries.

48.     As a further direct and proximate result of Defendants' actions and/or omissions, the Plaintiff has incurred and will continue to incur substantial expenses for medical care and attention, has suffered and will continue to suffer much physical pain and mental anguish.

## COUNT III
### (Battery:  Defendant Heriberto Negron-Rivera

49.     Plaintiff incorporates all previous paragraphs by reference and further alleges that all physical contact she had with Defendant Heriberto Negron-Rivera, including but not limited to those instances of forced kissing, groping and inappropriate touching of her breast constituted individual touches.

50.     Plaintiff further alleges that all such contact was highly offensive and indeed outrageous.

51.     Plaintiff further alleges that Defendant Heriberto Negron-Rivera initiated all such contact intentionally.

52.     Plaintiff further alleges that she did not consent to any of the contact.

53.     As a direct and proximate result of Defendant's acts and/or omissions, the

Plaintiff has sustained numerous physical injuries, some of which are permanent in nature,

including, but not limited to, severe emotional distress, depression, humiliation, embarrassment,

and other related physical injuries.

54.     As a further direct and proximate result of  Defendant Heriberto Negron-Rivera

actions and/or omissions, the Plaintiff has incurred and will continue to incur substantial

expenses for medical care and attention, has suffered and will continue to suffer much physical

pain and mental anguish.

### COUNT IV
### (Intentional Infliction of Emotional Distress: All Defendants)

55.     Plaintiff hereby incorporates, by reference, all of the foregoing paragraphs as if

fully set forth herein and further alleges that Defendants' conduct was intentional and reckless.

56.     Plaintiff further alleges that Defendants' conduct was extreme and outrageous.

57.     Defendants' conduct is the proximate cause of the Plaintiff's emotional distress.

58.     As a direct and proximate result of the combined acts and/or omissions of the

Defendants, the Plaintiff suffered extensive injuries, as set forth above.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

1.     Grant the Plaintiff compensatory damages for pain and suffering arising from the

humiliation, embarrassment, anguish, anxiety, and depression she was put through, including

costs for medical/health care treatment, because of Defendants' discriminatory conduct;

2.     Grant the Plaintiff her costs, including reasonable attorney's fees;

13

3.      Order Defendant Heriberto Negron-Rivera  to cease and desist from engaging in sexually offensive practices which disparage and humiliate females;

4.      Order Defendant HHS to take appropriate remedial measures, including corrective and disciplinary actions against  Defendant Heriberto Negron-Rivera for his discriminatory conduct;

5.      Order Defendant HHS to take appropriate remedial measures, including corrective and disciplinary actions against any and all employees, managers, and supervisors working for Defendant HHS who failed to take actions to correct and/or prevent  Defendant Heriberto Negron-Rivera's discriminatory actions.

6.      Grant to the Plaintiff such other and additional relief as may be appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury as to all issues to which she is entitled by law.

Respectfully submitted,


*/s/ Ted J. Williams*

_____
Ted J. Williams
D.C. Bar #414758
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
Tel.:    (202) 434-8744
Fax:    (202) 347-4478
E-Mail: sydnae@aol.com